IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2024

## STATE OF TENNESSEE v. BRANDEN ERIC MICHAEL DELONG[1]

**Appeal from the Circuit Court for Chester County**
**No. 22-CR-50      Kyle C. Atkins, Judge**

_____

### No. W2023-01111-CCA-R3-CD
_____

The Defendant, Branden Eric Michael Delong, appeals the Chester County Circuit Court's ordering him to serve his ten-year sentence in confinement after revoking his probation, arguing that the trial court should have elected to place him back on supervised probation. Based on our review, we affirm the trial court's revocation of the Defendant's probation but reverse the court's placing his original ten-year sentence into effect and remand the case to the trial court for findings related to the appropriate consequence for that revocation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in
Part, Reversed in Part, Case Remanded**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which J. ROSS DYER and KYLE A. HIXSON, JJ., joined.

Raven Prean-Morris (on appeal), Assistant Public Defender – Appellate Division, Franklin, Tennessee, and Patrick Glenn Niblock (at hearing), Assistant Public Defender, Jackson, Tennessee, for the appellant, Branden Eric Michael Delong.

Jonathan Skrmetti, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Chadwick R. Wood, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In January 2022, the Chester County Grand Jury indicted the Defendant for one count of rape of a child, two counts of aggravated sexual battery, and one count of

---

[1] The Defendant's first name is alternately spelled "Branden" and "Brandon" throughout the record. We have spelled his first name as it appears in the indictment.

continuous sexual abuse of a child. The indictment alleged that the crimes occurred between July 1, 2015, when the female victim was three years old, and July 31, 2021, when she was nine years old.

On November 10, 2022, the Defendant pled guilty to two counts of attempted aggravated sexual battery, a Class C felony. Pursuant to the agreement, he pled as a Range II, multiple offender, which was outside his qualifying range, and received concurrent ten-year sentences to be served on supervised probation. He also was required to register as a sex offender. In exchange for the Defendant's guilty pleas, the remaining charges were dismissed.

On May 27, 2023, the Defendant was arrested and charged in Wayne County with driving under the influence ("DUI"), first offense; violating the implied consent law; failing to carry a license; failing to provide proof of insurance; and failing to exercise due care. On May 30, 2023, the Defendant pled guilty to DUI and failing to carry a license, and the remaining charges were dismissed. On June 9, 2023, a probation violation report was filed in the present case, alleging that the Defendant violated probation by being arrested and charged with the crimes on May 27. According to the report, the Defendant had been compliant with probation until his arrest. The trial court issued a warrant, and the Defendant was arrested.

The trial court held a brief probation revocation hearing on July 7, 2023. During the hearing, defense counsel advised the trial court that the Defendant pled guilty to DUI and "some other traffic charges" on May 30; that he served a mandatory forty-eight hours in jail; and that he received a sentence of eleven months, twenty-nine days to be served on probation in Wayne County. Defense counsel stated that the Defendant was admitting to violating his probation in the present case and was requesting that the trial court reinstate his probation. The State countered as follows:

He's currently on ten years probation for aggravated sexual battery.

This was essentially an agreed upon resolution for rape of a child. It was an A felony. As to what -- what came about, and it was -- it came with a warning that if we saw -- if there was a probation violation, the State would seek revocation at every turn. And that's what we're doing.

Judge, he's admitted that he pled -- was convicted of and pled guilty to a DUI. We would submit to the Court that's an intentional crime, you know. You can say, oh, you don't accidentally DUI. Well, he said, Well, I didn't think I had that much to drink. No, you know you had something to drink. You got behind the wheel of a car, you endangered everyone else on

the road while you had already had your one chance at freedom, and you knew that.

So we think, Judge, given the benefit of the bargain from where we started and where we ended up and what he did, this is a new A misdemeanor conviction and it is a violation under even the new laws, and we would ask for revocation.

The trial court stated, "All right. Based upon his admission I'll find he's in violation of his probation in a substantial way, based upon both his admission and a preponderance of the evidence. I'm going to revoke him to serve the sentence."

## ANALYSIS

The Defendant contends that the trial court abused its discretion by ordering him to serve his original ten-year sentence in confinement because the trial court failed to place any findings on the record to justify denying his request to be reinstated to probation. The Defendant requests that we remand the case to the trial court for a new probation hearing or that we conduct a de novo review in which we reinstate probation. The State argues that the trial court implicitly adopted the State's reasoning in its decision to order confinement and that, in any event, the evidence presented at the revocation hearing is sufficient for this court to conduct a de novo review and order that the Defendant's original ten-year sentence be placed into effect.

A trial court has the discretionary authority to revoke probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his or her probation. *See* Tenn. Code Ann. §§ 40-35-310(a); -311(e)(1); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). The trial court also is vested with the discretionary authority to determine the consequences of a defendant's violation of his or her probation, among which is the full revocation and execution of the sentence as originally entered. *See* Tenn. Code Ann. §§ 40-35-310(a); - 311(e). "An abuse of discretion occurs when the trial court applies an incorrect legal standard or reaches a conclusion that is illogical or unreasonable and causes an injustice to the party complaining." *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (internal quotation and citation omitted).

There are two types of probation violations: non-technical and technical. *See* Tenn. Code Ann. § 40-35-311(g). A non-technical violation, which is involved in this case, is "a new felony, new Class A misdemeanor, zero tolerance violation as defined by the department of correction community supervision sanction matrix, or absconding." Tenn. Code Ann. § 40-35-311(e)(2) (2021). Upon finding by a preponderance of the evidence that a defendant has committed a non-technical violation, the trial court may "cause the

defendant to commence the execution of the judgment as originally entered, which may be reduced by an amount of time not to exceed the amount of time the defendant has successfully served on probation and suspension of sentence prior to the violation." Tenn. Code Ann. § 40-35-311(e)(2). A technical violation is "an act that violates the terms or conditions of probation but does not constitute a new felony, new class A misdemeanor, zero tolerance violation as defined by the department of correction community supervision sanction matrix, or absconding." Tenn. Code Ann. § 40-35-311(d)(3) (2021). A trial court may not revoke probation based on one instance of a technical violation or violations. Tenn. Code Ann. § 40-35-311(d)(2). Upon a second or subsequent violation, the trial court may revoke probation and order a specified term of incarceration or resentence the defendant for the remainder of the unexpired term. Tenn. Code Ann. § 40-35-311(e)(1).

Probation revocation is a "two-step" process by the trial court. *State v. Dagnan*, 641 S.W.3d 751, 757 (Tenn. 2022). "The first [step] is to determine whether to revoke probation, and the second [step] is to determine the appropriate consequence upon revocation." *Id*. Each step is a separate and distinct decision, although there is no requirement that two separate hearings be held. *Id*. Upon revoking probation, a trial court may order incarceration for a period of time, execute the original sentence, extend the probationary period by up to two years, or return the defendant to probation "'on appropriate modified conditions.'" *State v. Daniel*, No. M2021-01122-CCA-R3-CD, 2022 WL 6644369, at *2 (Tenn. Crim. App. Oct. 11, 2022) (quoting *Dagnan*, 641 S.W.3d at 756). In determining the consequence of a probation revocation, the trial court may consider "the number of revocations, the seriousness of the violation, the defendant's criminal history, and the defendant's character." *Dagnon*, 641 S.W.3d at 759 n.5. This court must review and address both decisions on appeal. *Id*. at 757-58. As long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record, this court's standard of review is abuse of discretion with a presumption of reasonableness. *Id*. at 759.

Regarding step one, the Defendant acknowledges that his guilty plea to DUI justified the trial court's finding that he violated the terms of his probation. He claims, though, that the trial court violated step two in *Dagnan* by failing to articulate its reasons for placing his original ten-year sentence into effect. We agree. The trial court said it was revoking his probation based on his "admission" to DUI, but the trial court did not make any additional findings or provide any reasoning for ordering him to serve his ten-year sentence in confinement.

The Defendant and the State are requesting that we conduct a de novo review. However, the appellate record is scant, consisting of the technical record and a seven-page transcript of the revocation hearing in which no witnesses testified or exhibits were introduced into evidence. The record does not contain a transcript of the Defendant's guilty

plea hearing, a presentence report, or a Strong-R assessment.  Therefore, we conclude that the record is insufficient for us to conduct a de novo review and that the case must be remanded to the trial court to articulate its reasons for placing the Defendant's ten-year sentence into effect.

## **CONCLUSION**

Upon review, we affirm the trial court's revocation of the Defendant's probation but reverse the trial court's placing his original ten-year sentence into effect and remand the case to the trial court for further proceedings consistent with this opinion.

_____
JOHN W. CAMPBELL, SR., JUDGE